**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| INOLA DRUG, INC., individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) Case No. 06-CV-117-GKF-TLW |
| vs. | ) ) |
| EXPRESS SCRIPTS, INC., | ) ) |
| Defendant. | ) |

**OPINION & ORDER**

Before the Court is plaintiff's Motion to Vacate Judgment [Doc. No. 162]. Although plaintiff subsequently filed a Notice of Appeal [Doc. No. 169], this Court retains jurisdiction to consider the motion. *See Aldrich Enterprises, Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir. 1991); *The Society of Lloyd's v. Bennett*, 182 Fed.Appx. 840, 844 (10th Cir. 2006).

Plaintiff's first ground for vacating the judgment – that it must do so pursuant to Rule 60(a) in order "to permit it to consider" plaintiff's Rule 59(e) motion filed prior to the Judgment – is without merit. The Rule 59(e) motion [Doc. No. 153] filed prior to Judgment was timely. *See Hilst v. Bowen*, 874 F.2d 725, 726 (10th Cir. 1989). If a party files a notice of appeal before the trial court has disposed of a timely-filed Rule 59(e) motion, the notice become effective to appeal a judgment or order when the order disposing of the last such remaining motion is entered. Fed. R. App. P. 4(a)(4)(B). A district court has jurisdiction to address a Rule 59(e) motion while an appeal is pending. *Brown v. Wachovia Bank*, 244 F.R.D. 16, 19 (D.D.C. 2007). This court may therefore consider plaintiff's timely Rule 59(e) motion [Doc. No. 153] without vacating the Judgment.

Plaintiff's second ground for vacating the judgment is that the Judgment was a mistake "[i]f the Court *intended* to disregard the [Rule 59(e)] Motion to Alter and terminate the case . . ." As

noted above, it is this Court's intention to address the Rule 59(e) motion, and this Court has jurisdiction to do so despite the premature filing of the Notice of Appeal. Plaintiff's second ground for relief is without merit.

Plaintiff's third ground for vacating the judgment is based on Rule 59(e). The rule requires such motions to be filed within ten days after the entry of the judgment. The judgment herein was entered May 21, 2009. Plaintiff filed this most-recent request for relief under Rule 59(e) on June 4, 2009, more than ten days after entry of judgment, and is untimely. The Court will address plaintiff's earlier, timely-filed Rule 59 motion by separate order.

WHEREFORE, Plaintiff's Motion to Vacate Judgment [Doc. No. 162] is denied.

IT IS SO ORDERED this 13th day of July 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma