**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| INOLA DRUG, INC., individually and on behalf of all other similarly situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>EXPRESS SCRIPTS, INC., )<br>a foreign corporation, )<br>)<br>Defendant. ) | Case No. 06-CV-117-GKF-TLW |

## OPINION AND ORDER

This matter comes before the court on the Motion to Alter or Amend Opinion and Order [Doc. No. 153] pursuant to Fed. R. Civ. P. 59(e), filed by plaintiff Inola Drug, Inc. ("Inola").

On March 25, 2009, this court entered an Opinion and Order granting in part and denying in part the Motion for Summary Judgment filed by defendant Express Scripts, Inc. ("ESI"). In that order, the court granted partial summary judgment in ESI's favor on Inola's claims for breach of contract and injunctive relief, and denied ESI's motion with respect to Inola's claims for misrepresentation (Count III), unjust enrichment/constructive trust (Count IV), and a portion of the claim for injunctive relief (Count VI). Inola subsequently filed the motion now before the court.

On May 6, 2009, the parties stipulated to the dismissal of Inola's remaining claims. [Doc. No. 156]. On the following day, the parties stipulated to the dismissal of ESI's counterclaim for breach of contract. [Doc. No. 157]. Following resolution of all claims in the action, the court entered a judgment on May 21, 2009. Inola filed a Notice of Appeal on June 19, 2009.

The filing of notice of appeal typically does not divest the district court of jurisdiction to consider and rule on a Rule 59 motion. *Consor v. Occidental Life Insurance Company of California*, 469 F.Supp. 1110, 1118 (N.D. Tex. 1979). *But see Brown v. Wachovia Bank*, 244 F.R.D. 16, 19

(D.D.C. 2007) (a district court has jurisdiction to deny, but not grant, a Rule 59(e) motion while an appeal is pending). This court recognizes that the procedural facts here are unusual insofar as Inola filed its Motion to Alter or Amend Judgment *before* a judgment existed, and before the parties had stipulated to the dismissal of all remaining claims. However, the Tenth Circuit Court of Appeals has recognized that the ten-day limit for filing of Rule 59 motions after entry of judgment does not preclude a party from making a Rule 59 motion before a formal judgment has been entered. *Hilst v. Bowen*, 874 F.2d 725, 726 (10th Cir. 1989). Therefore, Inola's Rule 59 motion was timely even though it was filed before entry of judgment. This court proceeds on the basis of the general rule that a trial court has jurisdiction to address a Rule 59(e) motion while an appeal is pending.

Inola raises five grounds in support of its motion, each discussed below. Inola's first and second grounds involve only one (1) of three (3) systems involved in this lawsuit. As set forth in the Opinion and Order of March 25, 2009, ESI adjudicated pharmacy claims using three different systems – Anchor, Mini-Anchor and Stratus. Inola's first and second grounds for alteration or amendment address only the Mini-Anchor system (used to adjudicate Department of Defense pharmacy claims), and do not address the grant of partial summary adjudication with respect to the Anchor and Stratus systems.

Inola's first ground for alteration or amendment is that, although ESI was contractually entitled to amend the Provider Manual in its sole discretion and without Inola's consent, ESI never amended the Provider Manual to reflect that Average Wholesale Prices ("AWP") in the Mini-Anchor system are updated weekly and monthly raither than daily. In other words, Inola argues that ESI breached its contract with Inola by failing to actually amend the Provider Manual to reflect

weekly and monthly AWP updates with respect to Mini-Anchor.[1] Inola's argument falls short for a number of reasons. Inola delegated complete and sole discretion to ESI to amend the Provider Manual and all policies and procedures of ESI, without Inola's consent or approval. It is undisputed that ESI exercised its discretion in good faith. The parties negotiated their agreement in 2001, and it is undisputed that the Mini-Anchor system created in 2004 required weekly updates. Inola does not dispute that the terms of the PPOk Agreement delegating ESI complete discretion are valid and enforceable under Missouri law. Moreover, Inola has failed to produce evidence of contract damages attributable to weekly updating on the Mini-Anchor system. Inola's missing expert report purportedly shows an immaterial alleged total of $58.97 in damages for Inola. Inola's expert testified that due to the number of post-dated AWPs, there is no significant difference between daily and weekly updating. Deposition of Lonnie Wilson, Exhibit 35 to ESI's brief, Document 94-8, p. 66 of 9 at 8:3-25. Finally, Inola bases its argument on language contained on the cover of the Provider Manual, which states in pertinent part: "Revisions, amendments and program updates will be periodically distributed to the Pharmacy Network." The language does not specify the periodicity of any such revisions and amendments. Nor does it limit or delay until distribution the effective date of amendments which the contract grants ESI sole discretion to make.

Inola's second ground for alteration or amendment is that ESI may have been entitled to amend the Provider Manual in its sole discretion and without Inola's consent, but it did not have the right to do so without notice. As stated above, the language on the cover of the Provider Manuals

---

[1]The Mini-Anchor system was created in 2004 in order to accommodate Department of Defense protocol. In order to be compatible with DOD's vendor, Emdeon, which followed the industry standard of weekly updates, ESI developed separate internal policies and procedures for updating drug information for DOD claims that matched Emdeon and met DOD's requirements. *See* Opinion and Order, Doc. No. 151, p. 9 of 14; Doc. No. 93 at p. 11; Doc. No. 94-7 at Ex. 25).

do not impose such a restriction. Moreover, Section 9(C) of the PPOk Agreement does not require such notice.

Inola's third ground for alteration or amendment is that the court erroneously characterized the focus of Inola's breach of contract claim on the Anchor and Stratus systems as "failure to update AWPs on a 'real time' basis." The Court merely used a term Inola itself coined in its First Amended Complaint.[2] Despite its use of Inola's term, the Court did not misapprehend Inola's argument – Inola had argued in its response to ESI's motion for summary judgment that

> Defendant admits it does not update its AWP drug information on the same day the information is received. There is a delay. In the case of commercial pharmacy claims, non DOD claims, AWP drug information is not used to reimburse pharmacies until at least two days after it is received. For instance, AWP drug information received on Monday is not used to reimburse pharmacies until Wednesday.

Doc. No. 122, pg. 17 of 39. The Court rejected Inola's argument, holding that the lag time between ESI's receipt of daily updates from First DataBank and its loading of the updates onto its own system is not a breach of the Agreement. Inola's third ground for alteration or amendment is without merit.     Inola's fourth ground for alteration or amendment is that the Court relied on parol evidence to interpret the contract. Upon review the Court agrees that Inola's expert merely concurred that his pharmacy benefit manager sometimes has a 30 hour lag time between receipt of the updates and loading them into their own system. The statement as to a purported "industry

---

[2]In Paragraph 28, Inola alleged that "[d]espite having access to updated 'real time' AWP information, the Defendant deliberately failed and refused to reimburse the Plaintiff at AWP according to the terms of the contract." And in Paragraph 65, Inola sought an injunction "to require the Defendant to fully, properly, and timely reimburse the Plaintiff and putative class members and that the Defendant be required to properly reimburse the Plaintiff and putative class members using the 'real time' AWP."

4

standard" was incorrect, but does not affect the Court's conclusion that ESI updates drug information on the commercial pharmacy claims on a daily basis. The parol evidence rule does not apply to testimony that does not contradict the terms of a contract. *Wheelhouse Marina Real Estate, L.L.C. v. Bommarito*, — S.W.3d —, 2009 WL 1354603 (Mo. Ct. App. 2009). The testimony of Inola's expert relating to the time lag between receipt of updates is not inconsistent with the terms of the Agreement and may be considered. Finally, even if the testimony of Inola's expert is not considered, the Court concludes that the lag time between receipt of updates and loading them into the system does not breach the terms of the contract between the parties.

Inola's fifth and final ground for alteration or amendment is that its claim for injunctive relief remains viable just as its claim for breach of contract. For the reasons pertinent to the contract claim as set forth above and in the Opinion and Order of March 25, 2009, Inola's claim for injunctive relief must fail to the extent it is based on an alleged breach of contract.

For the reasons set forth above, Inola's Motion to Alter or Amend Opinion and Order [Doc. No. 153] is denied.

ENTERED this 14th day of July 2009.

*Gregory K. Frizzell*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma