### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| INOLA DRUG, INC., individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> EXPRESS SCRIPTS, INC., <br><br> Defendant. | Case No. 06-CV-117-GKF-TLW |

### OPINION AND ORDER

Before the court is Plaintiff's Motion for Rule 54(b) Certification.

On January 10, 2008, this court granted plaintiff's motion for voluntary dismissal of Counts I, V, and a portion of Count VI of the First Amended Complaint. On March 25, 2009, this Court granted defendant's motion for summary judgment in part. Specifically, the court granted the motion with respect to plaintiff's claims for breach of contract (Count II) and for injunctive relief based on allegations of misrepresentation/omission and constructive trust/fraud (part of Count VI). On April 8, 2009, plaintiff Inola Drug filed a Motion to Alter or Amend Opinion and Order [Docket No. 153], pursuant to Fed.R.Civ.P. 59(e). On May 6th and 7th, 2009, the parties filed Stipulations of Dismissal – without prejudice – of plaintiff's claims of misrepresentation/suppression (Count III), unjust enrichment/constructive trust (Count IV), injunctive relief (the remainder of Count VI), and defendant's counterclaim for breach of contract. [Docket Nos. 156 and 157]. In light of the fact that all claims had either been dismissed without prejudice or finally resolved by summary adjudication, this court entered a Judgment on May 21, 2009 [Docket No. 160]. Inola filed a Motion to Vacate Judgment [Docket No. 162] on June 4, 2009, and a Notice of Appeal on June 19, 2009.

Although Inola had filed its Notice of Appeal after its Motion to Vacate Judgment, this court retained jurisdiction to consider the motion. *Aldrich Enterprises, Inc. v. United States,* 938 F.2d 1134, 1143 (10th Cir. 1991); *The Society of Lloyd's v. Bennett,* 182 Fed. Appx. 840, 844 (10th Cir. 2006). On July 13, 2009, this court denied Inola's Motion to Vacate Judgment.

That same day, this court ruled that Inola's Rule 59(e) motion was timely, as the ten-day limit for filing such motions after entry of judgment does not preclude a party from filing a Rule 59 motion before a formal judgment has been entered. *Hilst v. Bowen*, 874 F.2d 725, 726 (10th Cir. 1989). *See* Order of 7/13/09 [Docket No. 180]. The following day, this court determined that Inola's filing of a Notice of Appeal did not divest it of jurisdiction to address the Rule 59(e) motion while the appeal was pending, and entered an order denying the motion to alter or amend. *See* Order of 7/14/09 [Docket No. 182].

At about the same time, on July 9, 2009, the Tenth Circuit abated Inola's appeal, noting that the dismissals without prejudice may be insufficient to render the earlier orders final for purposes of appeal. *See Jackson v. Volvo Trucks*, 462 F.3d 1234, 1238 (10th Cir. 2006). Although the Tenth Circuit's Order was not docketed in the trial court, defendant Express Scripts, Inc. ("Express Scripts") has appended the Order to its Opposition to Plaintiff's Request for Rule 54(b) Certification. [Docket No. 193-3]. The Tenth Circuit directed Inola to serve and file a copy of a district court order entering a final judgment or a Rule 54(b) certification within 30 days of the date of the order.

Forty-three days later, on August 21, 2009, Inola filed its Motion for Rule 54(b) Certification. Express Scripts argues that the court's resolution of Inola's motions to vacate on July 14, 2009, divested this court of jurisdiction to consider Inola's request for Rule 54(b) certification. Upon review of the briefs, this court concurs. Federal Rule of Appellate Procedure 4(a)(4)(B)(i),

> If a party files a notice of appeal after the court announces or enters a judgment– but before it disposes of any motion listed in Rule 4(a)(4)(A)–the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Motions filed under Rules 59 and 60 are among those listed in Rule 4(a)(4)(A), so Inola's Notice of Appeal became effective to appeal the Judgment when this court entered its Opinion and Order disposing of the last motion on July 14, 2009. At that point, this court no longer had jurisdiction over the case. Inola has not persuaded this court that an Order entered by the Clerk for the Court of Appeals which extends the time in which Inola may serve and file a copy of a district court order entering either a final judgment or a Rule 54(b) certification is sufficient to re-vest this court with jurisdiction over the matter.[1]   And although the circuit court does not view dismissals without prejudice as sufficient to render a previous order of partial summary adjudication final *for purposes of appeal*, no case or controversy has existed before this trial court since July 14, 2009, because the parties' Stipulations of Dismissal dated May 6, 2009 were effective pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). This court's jurisdiction under Article III, Section 2 of the Constitution is limited to cases and controversies, and no such case or controversy has existed before this court since July

---

[1] In most cases, Rule 54(b) motions are filed when a claim has been finally resolved as to all or some parties, even though other claims remain in the case. FEDERAL COURT OF APPEALS MANUAL, § 3:1 (Fifth Edition, 2007). Here, however, no other claims remain in the case, as the parties filed their stipulations of dismissal without prejudice prior to the court's entry of judgment.

14, 2009.

Obviously, in the event the Court of Appeals informs this court that it does, in fact, have jurisdiction to address the Rule 54(b) motion on its merits, this court will do so.

Premises considered, Plaintiff's Motion for Rule 54(b) Certification [Docket No. 184] must be denied, as this court no longer has jurisdiction over the case.

IT IS SO ORDERED this 22nd day of September 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma